HON. T. O. C. HARRISON, } JUDGES.
HON. T. L. NORVAL,

HON. ROBERT RYAN,
HON. JOHN M. RAGAN, } COMMISSIONERS.
HON. FRANK IRVINE,

---

## F. G. KEENS V. BUFFALO COUNTY ET AL.

FILED DECEMBER 9, 1897. No. 7663.

Review: PROCEEDINGS BEFORE COUNTY BOARD: EVIDENCE. Where error proceedings present no question, except one of fact, and there existed no means by which the evidence upon which such question was determined by an inferior board or tribunal could be preserved upon the hearing before it, the finding of such board or tribunal must be affirmed.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J. *Affirmed.*

*R. A. Moore,* for plaintiff in error.

*Norris Brown, contra.*

Ryan, C.

This cause was brought into this court upon the petition in error of F. G. Keens for the reversal of a judgment of the district court of Buffalo county affirming the action of the board of county commissioners of said county with reference to the assessment of said Keens in the year 1893. The record of the county board recites the proceedings with reference to the subject-matter just indicated, as follows:

"Consideration of the matter of the assessment of F. G. Keens being in order, his attorney, Mr. Moore, being present, stated that his client, Mr. Keens, would come before the board to be questioned relative to off-set claimed by him, but that he refused to bring books or papers or other evidence to substantiate his word in the matter.

"Moved by Stuckey and seconded by Hoag that this board refuse to allow the prayer of F. G. Keens in the matter of his assessment on the ground that there is not sufficient evidence before them on which to act, and that this board have requested said Keens to appear with his books and his witnesses and be examined under oath as to the nature, extent, and character of said alleged indebtedness, and he refused to do so. Ayes and nays being called for resulted as follows: Ayes—Aron, Brady, Bennett, Collard, Day, Deets, Elliott, Ferris, Fisher, Hoag, Ihde, Johnson, Lambert, Lunger, Mohring, Mortimer, McNeal, Pickett, Pokorny, Richards, Salisbury, and Stuckey; total, 23. Nays—Bowie and Millett; total, 2. Absent—Towers, Fritz, and Jones. Mr. Moore, as attorney for Mr. Keens, then stated that he should take the matter of his assessment to the district court on writ of error."

From this record it seems that the plaintiff in error failed before the board of county commissioners because he adduced no evidence to sustain his claim for the reduction of his assessment. In the record there are found

copies of three affidavits certified by the county clerk of Buffalo county as having been filed and offered as evidence before the board. The proceedings sought to be reviewed were had July 16, 1893. At that time there was no provision for the settlement of a bill of exceptions in matters heard by a board of county commissioners, and therefore no means existed for preserving the evidence upon which questions of fact, by such board, had been determined. (*Hopkins v. Scott*, 38 Neb., 661.) The district court for this reason could not consider these affidavits, and, upon the record of the county board, could not do otherwise than sustain its action. The judgment of that court is therefore

AFFIRMED.